■ In the Matter of OMEGA TRANSPORTATION Co., INC., Respondent, v STEPHEN I. AIELLO, et al., Constituting the Board of Education of the City of New York, Appellants.—In a proceeding pursuant to CPLR article 78 to compel the Board of Education of the City of New York (board) to award petitioner Omega Transportation Co., Inc. (Omega) a pupil transportation contract, the appeal is from a judgment of the Supreme Court, Kings

County, dated September 13, 1979, which awarded petitioner said contract provided its sole stockholder divest himself of all interest in the corporation within six months of the date of the judgment. Judgment affirmed, without costs or disbursements. Petitioner, the lowest bidder on a contract proposal inviting offers on pupil transportation routes, was disqualified several months after the invitation for bids was extended when it was learned that its sole shareholder had a prior criminal conviction. The disqualification occurred despite petitioner's record of eight years of high quality service with the board. We now affirm the judgment holding that petitioner is entitled to the contract, provided its sole shareholder divest himself of his stock. (It must be noted that Mr. Vellecco, the principal of Omega, has not appealed from that part of the judgment directing him to sell his stock, so we have not passed upon the propriety of that aspect of the judgment.) The rejection of petitioner's bid was arbitrary and capricious (see *Abco Bus Co. v Macchiarola*, 75 AD2d 831). The board inexplicably disqualified petitioner while awarding contracts to companies with principals whose criminal records were much more troubling than Mr. Vellecco's in terms of the ability of those companies to safely and properly transport students. We are cognizant of Omega's past record of outstanding service and of the lack of forewarning as to the change in the board's interpretation of "responsible bidder", in reaching our conclusion that the board's actions were arbitrary. Our decision in no way limits the power of the board to set reasonable and uniform standards in awarding contracts. It is clear a bidder that has previously been successful does not obtain a vested right in keeping a contract simply because satisfactory service has been provided. We merely hold that the board may not implement valid policies in an arbitrary manner. Titone, Mangano and O'Connor, JJ., concur.

Mollen, P. J., concurs to affirm on constraint of *Abco Bus Co. v Macchiarola* (75 AD2d 831), but is in accord with the views set forth in the dissent of Mr. Justice Hopkins in that case.